UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HORACIO PADILLA, | ) | Case No. 2:21-cv-10003-FLA (SP) |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM AND ORDER SUMMARILY DISMISSING ACTION FOR FAILURE TO PROSECUTE** |
| L.A. COUNTY JAIL, | ) | |
| Defendant. | ) | |

# I.
# PROCEEDINGS

On December 29, 2021, plaintiff Horacio Padilla, a California state prisoner proceeding pro se and in forma pauperis, filed a civil rights Complaint under 42 U.S.C. § 1983. Plaintiff alleges he was misclassified upon intake which led to his being brutally attacked by other inmates. The Complaint names one defendant: Los Angeles County Jail, North County Correctional Facility (NCCF).

The court issued its initial order in this action on January 21, 2022, in which the court advised plaintiff it was screening the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. In accordance with the terms of the Prison Litigation Reform Act of 1995 ("PLRA"), the court screened the Complaint for purposes of determining whether the action was frivolous or malicious, or failed to state a claim on which relief might be

granted, or sought monetary relief against a defendant who was immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

After careful review and consideration of the allegations of the Complaint under the relevant standards, the court found that its allegations were insufficient to state a federal civil rights claim.  Specifically, the court found that: (1) plaintiff did not sign the Complaint; (2) the Complaint fails to comply with Rule 8; (3) the Complaint fails to state a claim against L.A. County Jail; and (4) the Complaint fails to state a deliberate indifference claim.  Accordingly, on July 3, 2023, the court issued an Order finding the Complaint subject to dismissal, but granting leave to amend.  If plaintiff desired to pursue the action, he was ordered to file a First Amended Complaint by August 2, 2023, curing the enumerated deficiencies.  The court also gave plaintiff the option to file a notice by August 2, 2023 stating he stood on the Complaint without further amendment.  The Order expressly admonished plaintiff that, if he failed to file timely a First Amended Complaint, the court may recommend that the action be dismissed.

Plaintiff failed to file a First Amended Complaint or notice of intent to stand on the Complaint without amendment by the August 2, 2023, deadline.  Accordingly, on October 13, 2023, the court issued an Order to Show Cause Why Complaint Should Not Be Dismissed for Failure to Prosecute ("OSC").  Plaintiff was ordered to respond to the OSC by November 3, 2023, and either show cause why the action should not be dismissed or, in the alternative, file a First Amended Complaint.  The court cautioned plaintiff that his failure to respond timely to the OSC would be deemed by the court as consent to the dismissal of the action without prejudice.

Plaintiff did not respond to the OSC in any fashion by the November 3, 2023 deadline as ordered.  In fact, the court has not received any response or other communication from plaintiff since its July 3, 2023 order finding the Complaint subject to dismissal.

///

**II.**

## **DISCUSSION**

The Complaint filed by plaintiff herein suffers from the pleading deficiencies discussed in the court's July 3, 2023 Order Finding Complaint Subject to Dismissal But Granting Leave to Amend.  When plaintiff failed to file an amended complaint or notice of intent to stand on the Complaint, the court issued an OSC giving him an opportunity to show cause for his failure to prosecute or to discharge the OSC by filing a First Amended Complaint, and warning plaintiff that failure to comply with the court's order would be deemed by the court as consent to the dismissal of the action without prejudice.  Plaintiff has failed to file a First Amended Complaint remedying the original complaint's deficiencies.  Further, plaintiff failed to respond to the OSC by the deadline to do so, or at all.  Plaintiff's failure to file a First Amended Complaint or a notice of intent to stand on the Complaint, or to respond to the court's October 13, 2023 OSC, despite being admonished of the consequences, evidences a lack of prosecution on his part.

It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders.  *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (weighing factors); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the court).

In *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988), the Ninth Circuit affirmed the district court's dismissal of a case for failure to prosecute.  The Ninth Circuit cited the following factors as relevant to the district court's determination of whether dismissal of a pro se plaintiff's action for failure to prosecute is warranted: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on

their merits; and (5) the availability of less drastic sanctions.'" *Id.* at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

In this case, plaintiff has failed to file a First Amended Complaint or notice of intent to stand on the Complaint as directed, and failed to respond to the court's October 13, 2023 OSC. Plaintiff's failure to comply with the court's orders and to prosecute his case has caused this action to languish, impermissibly allowing plaintiff to control the pace of the docket rather than the court. *See Pagtalunan*, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). Plaintiff's conduct indicates that he does not intend to litigate this action diligently, or at all. Thus, the first and second factors weigh in favor of dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal.").

A rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Although the defendants here have not yet been served and the pendency of a lawsuit is not itself sufficiently prejudicial to warrant dismissal (*Pagtalunan*, 291 F.3d at 642), nothing suggests that the presumption of prejudice to defendants is unwarranted here. Where a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing parties is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991-92. Here, plaintiff has not offered any excuse for his failure to comply with the court's orders. Further, "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan*, 291 F.3d at 643 (citing *Sibron v. New York*, 392 U.S. 40, 57 (1968)). Thus, the third factor also weighs in favor of dismissal.

It is a plaintiff's responsibility to move a case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). By failing to file a First Amended Complaint or a notice of intent to stand on the Complaint, and by failing to respond to the court's October 13,

2023 OSC, plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh plaintiff's failure to comply with court orders or move the case forward.

The fifth factor, the availability of less drastic sanctions, ordinarily counsels against dismissal. "Alternative sanctions include: a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees, the temporary suspension of the culpable counsel from practice before the court, . . . dismissal of the suit unless new counsel is secured [,] . . . preclusion of claims or defenses, or the imposition of fees and costs upon plaintiff's counsel. . . ." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 n.1 (9th Cir. 1987) (citation and internal quotation omitted). In the instant case, however, each of these possibilities is either inappropriate for a pro se litigant proceeding in forma pauperis under the PLRA or has already been employed with no apparent effect.

The court attempted to avoid dismissal by: (1) cautioning plaintiff in its July 3, 2023 dismissal order that failure to file timely a First Amended Complaint may result in a recommendation of dismissal; (2) after plaintiff's deadline to file a First Amended Complaint or notice of intent to stand on the Complaint passed, issuing an OSC in which the court warned plaintiff that failure to timely respond to the OSC would be deemed by the court as consent to dismissal of the action without prejudice; and (3) waiting several months beyond the deadline to respond to the OSC before issuing this order. Further, dismissal without prejudice is less drastic than dismissal with prejudice. As there appears to be no less drastic sanction than dismissal without prejudice now available, the fifth factor weighs in favor of dismissal.

Based on the foregoing, dismissal of the Complaint without prejudice is warranted for failure to prosecute and to obey court orders.

/ / /

/ / /

/ / /

## III.

## **ORDER**

IT IS THEREFORE ORDERED that Judgment shall be entered dismissing this action without prejudice.

Dated: March 4, 2024

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge